UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CALVIN IVERY ] | |
|     Plaintiff, ] | No. 3 10 0702 |
| ] | (No. 3:10-mc-0068) |
| v. ] | JUDGE HAYNES |
| ] | |
| STATE OF TENNESSEE, et al. ] | |
|     Defendants. ] | |

O R D E R

Before the Court is a *pro se* prisoner complaint (Docket Entry No.1) under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (Docket Entry No.9).[1]

From his application, Plaintiff lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, Plaintiff's application to proceed *in forma pauperis* is GRANTED. 28 U.S.C. § 1915(a).

Plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

---

[1] The complaint is captioned as a Writ of Mandamus. However, in the body of the pleading, the plaintiff states that this action is being brought "under the 1983 civil litigation proceeding." Docket Entry No.1 at pg.5.

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum contemporaneously entered, the complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 198. Consequently, this action is hereby **DISMISSED without prejudice**. 28 U.S.C. § 1915(e)(2).

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the Plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of four hundred fifty five dollars ($455.00) or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114

F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the West Tennessee State Penitentiary to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED**.

**ENTERED** this the 21st day of July, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge